IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY,** § § § | |
| *Plaintiff,* § § § | |
| v. § § § | **CIVIL ACTION NO. 5:23-cv-1215** |
| **EC & SM GUERRA, LLC D/B/A GUARDIAN ANGEL CHILD DEVELOPMENT CENTER** § § § § § | |
| *Defendants.* § § § | |

**PLAINTIFF CENTURY SURETY COMPANY'S
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Plaintiff Century Surety Company ("Century") files this Original Complaint for Declaratory Judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and Federal Rule of Civil Procedure 57, seeking a declaration that Century's entire policy limit has been paid and there is nothing more owing on the contract, and that as a matter of law, EC & SM Guerra, LLC d/b/a Guardian Angel Child Development Center is precluded from maintaining a negligent underwriting claim against Century. Century shows the following in support:

**PARTIES**

2. Plaintiff, Century Surety Company, is a foreign company authorized to conduct business in Texas. Century is domiciled in Ohio with its principal place of business in Michigan. According to 28 U.S.C § 1332, a corporation is considered to be a citizen of both the state in which

it is incorporated and the state where its principal place of business is located. Thus, Century is a citizen of both Ohio and Michigan.

3. Defendant, EC & SM Guerra, LLC d/b/a Guardian Angel Child Development Center ("Guardian Angel"), is a limited liability company whose principal business address is 209 Honeysuckle Lane, San Antonio, Texas 78213. Guardian Angel's sole member is Eliberto C. Guerra, whose state of citizenship is Texas. Thus, Defendant is a citizen of Texas. Guardian Angel may be served with process by serving its registered agent for service, R. Rene Escobedo at 112 E. Pecan, Ste 2850, San Antonio, Texas 78205.

### JURISDICTION

4. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication.

### VENUE

5. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is a resident of the State in which the district is located and where a substantial part of the events or omissions giving rise to the claim occurred, and/or where the property that is the subject of the action is situated.

### FACTS, PROCEDURAL HISTORY AND RELEVANT LAW

6. Defendant Guardian Angel, through its agent, Alvarado Risk Services, LLC ("Alvarado"), procured fire insurance coverage from Century for its property located at 1630 Pleasanton Rd, San Antonio, Texas 78221 (the "property"). The valid policy of insurance (policy

number CCP999406) was entered into by Guardian Angel and Century. Century provided the type and amount of coverage requested by Guardian Angel.

7. Alvarado is an independent insurance agency. They have no contractual privity with Century. The Alvarado Defendants are Guardian Angel's agents.

8. During the policy period, Guardian Angel suffered a loss when a fire damaged its property. Guardian Angel filed a claim with Century requesting coverage for the damage. Century accepted coverage for the loss and made prompt and timely payment to Guardian Angel. Century made payments of $660,220 for the insured structure (consisting of (a) an $85,000 advance payment, (b) the $575,220 building remaining limit and (c) a $25,000.00 payment for debris removal). Century also made payment for the Business Personal Property limit of $52,000.00 on June 7, 2022. Century exhausted the building and business personal property limits with these payments and paid the maximum amount for debris removal available under the policy.

9. On or about September 6, 2022, Guardian Angel originally filed a lawsuit in the 408th Judicial District Court for Bexar County, Texas bearing Cause No. 2022CI17292 against Century, Julio C. Alvarado and Alvarado Risk Services, LLC alleging that the coverage Guardian Angel agreed to was insufficient to cover the cost to replace its damaged property.

10. In its Original State Court Petition, Guardian Angel asserted against the Alvarado Defendants causes of action for breach of fiduciary duty, breach of contract, negligence and violations of the DTPA.

11. In its Original State Court Petition, Guardian Angel asserted against Century a cause of action for negligent underwriting.

12. On November 14, 2022, Century filed in the State Court Action a Rule 91a motion to dismiss Guardian Angel's cause of action for negligent underwriting on the grounds that it has no basis in law as Texas Courts do not recognize such cause of action against an insurer.

13. In its Rule 91a motion, Century advised that Texas law is unequivocal that there is no duty on the part of an insurance carrier to monitor an insured's policy in order to ensure that the requested coverage is adequate. *See Bryce v. Unitrin Preferred Ins. Co.*, 2010 WL 1253579, at *5 (Tex.App.-Austin 2010, no pet.) *citing* May v. United Services Ass'n of America, 844 S.W.2d 666 (Tex. 1992) (there is no duty on the part of an insurer or agent/broker "to monitor an insured's policy in order to ensure that the requested coverage is adequate," even where the insured sought replacement cost insurance); *see also Moore v. Whitney—Vaky Ins. Agency,* 966 S.W.2d 690, 692–93 (Tex.App.-San Antonio 1998, no pet.) (holding that in the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not actionable); *see also Pickens v. Texas Farm Bureau Insurance Companies*, 836 S.W.2d 803, 805-06 (Tex. App.-Amarillo 1992, no writ (holding that an insurance company and its agent owed no duty to advise their insureds regarding levels of liability coverage available on the insureds' homeowner's insurance policy); *see also, Nwaigwe v. Prudential Property & Casualty Ins. Co.*, 27 S.W.3d 558, 560-61 (Tex. App.-San Antonio 2000, pet. denied) (an insured's mistaken belief about the scope or availability of coverage is not actionable against an insurer or its agent).

14. In response to Century's Rule 91a motion, Guardian Angel filed its First Amended Petition effectively non-suiting without prejudice its negligent underwriting claim against Century by omitting such claim against Century and instead asserting a negligent underwriting claim against the Alvarado Defendants.

4

15. Subsequently Guardian Angel served a June 26, 2023, Chapter 38 "pre-suit notice and demand letter" on Century seeking contractual damages and attorneys fees in the amount of $2,030,000.00. Guardian Angel alleges in this demand letter that Century failed to correctly underwrite the policy and vastly undervalued the property when it issued the policy with the requested limits. Guardian Angel further alleges in the demand letter that pursuant to the policy of insurance Century owes additional payment to Guardian Angel "for the remaining coverages – signage, increased cost of compliance, and electronic data and valuable papers." Guardian Angel casts its entire $2,030,000.00 demand as a demand for payment under its policy while also basing its allegations on an alleged failure to underwrite the property.

16. Century issued a timely response to Guardian Angel's demand letter citing to the policy of insurance and notifying Guardian Angel that the entire limit of the policy of insurance has been paid and the sign coverage section does not provide additional insurance coverage. Specifically, regarding "signs" at CP00010, under section "C' entitled "Limits of Insurance", it states "[t]he most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations."

17. In regard to the "increased cost of compliance", Century responded to Guardian Angel's demand letter informing that the estimate provided on behalf of Guardian Angel by BNRB Construction does not note any Code Upgrades. The estimate appears to be for items that would have been included in the limits already paid out for the property.

18. In regard to the "electronic data and valuable papers", Century responded to Guardian Angel's demand letter informing that the photo provided on behalf of Guardian Angel does not appear to be valuable papers or records. Rather, it's a blurry photograph of pictures hanging on a wall, which would have been paid for as part of the business personal property limit.

Additionally, Century has informed Guardian Angel that it has not provided support to substantiate a claim for the cost of replacing or restoring any damaged electronic data.

## REQUEST FOR DECLARATORY RELIEF

19. Century incorporates the allegations made in the foregoing paragraphs.

20. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

21. Guardian Angel's State Court lawsuit and June 26, 2023, Chapter 38 "pre-suit notice and demand letter" has created a real and substantial controversy between the parties as to Century's obligation to issue a policy with limits in excess of the amount requested by the insured and to make additional payments under the policy of insurance.

22. Century therefore seeks the following declarations:

   a. The maximum limit of the policy of insurance has been paid by Century to Guardian Angel and there is nothing more owing on the contract; and

   b. Guardian Angel is precluded from asserting a negligent underwriting claim against Century as a matter of law.

23. Century intends to amend this Complaint to add additional requests for declaratory relief if, among other things, Guardian Angel asserts additional claims and/or causes of action in the underlying State Court lawsuit.

## CONDITIONS PRECEDENT

24. All conditions precedent to the recovery sought herein have been performed or have occurred.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff Century respectfully asks for a declaratory judgment as follows:

    a. The maximum limit of the policy of insurance has been paid by Century to Guardian Angel and there is nothing more owing on the contract; and

    b. Guardian Angel is precluded from asserting a negligent underwriting claim against Century as a matter of law.

Respectfully submitted,

SKELTON & WOODY PLLC
248 Addie Roy Rd, Bldg B-302
Austin, Texas 78746
Telephone:  (512) 651-7000
Facsimile:  (512) 651-7001

By:   /s/ *Edward F. Kaye*
J. Hampton Skelton
hskelton@skeltonwoody.com
State Bar No. 18457700
Edward F. Kaye
ekaye@skeltonwoody.com
State Bar No. 24012942

ATTORNEYS FOR PLAINTIFF
CENTURY SURETY COMPANY